IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERRY BEENEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) C.A. No.: 22-00518-TMH |
| FCA US LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before the court is Plaintiffs'[1] Motion for Leave to File Second Amended Class Action Complaint.  D.I. 47; *see also* D.I. 52.  Defendant FCA US LLC opposes Plaintiff's motion.  *See* D.I. 49.  Plaintiffs' First Amended Class Action Complaint was previously dismissed on October 20, 2023.  D.I. 43, 44.  For the following reasons, Plaintiffs' motion is **DENIED**.

In the Third Circuit, leave to amend should "be freely given when justice so requires." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) (citing Fed. R. Civ. P. 15(a)).  But leave to amend is not required if the amendment would be futile.  *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("Leave to amend may be denied, however, if amendment would be futile."); *see also SLF Holdings, LLC v. Uniti Fiber Holdings, Inc.*, 499 F. Supp. 3d 49, 74 (D. Del. 2020) (denying leave to amend because the "proposed amendment would be futile").  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  *Alvin*, 227 F.3d at 121; *see also Validity, Inc. v. Project Bordeaux, Inc.*, 2003 WL 6200287, at *12 (D. Del. Sept. 22, 2023).

After reviewing all the filings submitted in connection with the Second Amended Complaint (D.I. 47, 49, 52), the court finds that Plaintiffs' proposed amendments would be futile

---

[1] Perry and Wendy Beeney, Nathan Benefield, John Bucalo, Daniel Childs, Trevor Cole, Robert Collingwood, Scott Cook, Gary Dutkowski, Billey E. Rowles, Jr., Darell Upshaw, and Jeff Vance.

1

and would not survive a motion to dismiss, and therefore Plaintiffs' motion for leave to file a Second Amended Class Action Complaint should be denied.  In particular, Plaintiffs continue to fail to show that customers are not told what the destination charge is and that the dealer is actually charged less than the listed destination charge.  *See, e.g.*, D.I. 43 at 8; *see also* D.I. 49 at 6–10 (Defendants' reply brief).  Thus, as the court found previously, Plaintiffs are told the actual destination charge charged by the manufacturer to the dealer.  D.I. 43 at 8.  The court agrees with the Defendant that, at best, Plaintiffs cite several third-party articles or other statements, none made by Defendant, that customers have been told that destination charges do not include profits.  *See, e.g.*, D.I. 49 at 6–7.  But none of these third-party articles or statements show that Defendant itself has made deceptive statements or not accurately listed the destination charge it charges to the dealers.  *See, e.g.*, *id*.  Moreover, Plaintiffs continue to fail to establish any injury, even if the destination charge could be considered deceptive.  *See* D.I. 43 at 15; *see also* D.I. 49 at 10–11.  Plaintiffs are fully informed of the destination charge and the manufacturer's suggested retail price and, as is common in the industry, are free to negotiate a final price regardless of the listed MSRP and destination charge.  Plaintiffs' suggestion that they could have negotiated a different final price is, once more, entirely speculative.

As the court noted in its prior memorandum opinion dismissing Plaintiffs' First Amended Class Action Complaint, D.I. 43 at 8–9, and considering the supplemental briefing provided by the parties, D.I. 37, 38, 40, other courts have similar found claims like these insufficient to survive a motion to dismiss.  *See* D.I. 43 at 8–9 (citing *Romoff v. Gen. Motors LLC*, 475 F. Supp. 3d 782, 788 (S.D. Cal. 2021), *aff'd*, No. 22-55170, 2023 WL 1097258 (9th Cir. Jan. 30, 2023); *see also Gunn v. FCA US, LLC*, Case No. 3:22-cv-02229 (N.D. Cal. Aug. 22, 2023), ECF No. 70 (Order dismissing similar complaint); *BCR Carpentry LLC v. FCA US, LLC*, Civ. Action No. 21-19364 (D.N.J. Dec. 22, 2023), ECF No. 63 (same).  While the *Gunn* and *BCR Carpentry* courts have allowed leave to amend, *see, e.g.*, *Gunn*, Case No. 3:22-cv-02229 (N.D. Cal. Sept. 25, 2023), ECF No. 72; *BCR Carpentry*, Civ. Action No. 21-19364 (D.N.J. Jan. 24, 2024), ECF No. 66, as the court has explained, leave to amend would be futile in this case.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to file a Second Amended Class Action Complaint is **DENIED**.

Dated: July 17, 2024         /s/ Todd M. Hughes
                             The Honorable Todd M. Hughes
                             United States Circuit Judge, sitting by designation